**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SWN PRODUCTION COMPANY, LLC,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-CV-91** |
| **v.** | : | **(JUDGE MANNION)** |
| **BLUE BECK LTD.,** | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

The court considers Defendant Blue Beck, Ltd.'s motion for attorneys' fees, costs and expenses. (Doc. 77). This motion raises a threshold question: when these parties agreed that "[t]he losing Party" in an action for declaratory relief "shall pay [] the prevailing Party's" attorneys' fees, did they intend that a party whose declaratory action is dismissed without prejudice for ripeness pay the other's attorneys' fees?

## I.    BACKGROUND

Plaintiff SWN Production Company, LLC and Defendant Blue Beck, Ltd. are parties to an oil and gas lease on land in Susquehanna County, Pennsylvania. (Doc. 14-1). Plaintiff brought this action for declaratory judgment on January 18, 2022, and filed an amended complaint on March

23, 2022. (Doc. 1; Doc. 14). Asserting that Defendant was threatening to terminate the lease, Plaintiff sought certain declarations regarding the lease and the existence of defaults. (Doc. 14). Defendant moved to dismiss Plaintiff's amended complaint, arguing, *inter alia*, that it should be dismissed for lack of subject-matter jurisdiction because it did not present a "case" or "controversy" as required by Article III of the Constitution. U.S. Const. art. III §2. In accordance with the court's April 6, 2022 case management order, (Doc. 21), the parties conducted discovery while Defendant's motion to dismiss was pending.

The court dismissed Plaintiff's Amended Complaint without prejudice on October 10, 2023, concluding that it did not "present a case or controversy as required by Article III because it is not ripe." (Doc. 75 at 25). 2023 WL 6609019, at *9. Defendant now moves for an award of attorneys' fees in the amount of $528,572.05 and costs and expenses in the amount of $23,548.86. (Doc. 77; Doc. 77-1).

Because the parties are citizens of different states and the amount in controversy exceeds $75,000, the court exercises jurisdiction pursuant to 28 U.S.C. §1332.

- 2 -

## II.    LEGAL STANDARD

The parties' lease (the "Lease") is "governed by, and construed and enforced in accordance with," Pennsylvania law. (Doc. 14-1 §27(e)).

"The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties." *Lesko v. Frankford Hospital-Bucks Cnty.*, 15 A.3d 337, 342 (Pa. 2011). "In cases of a written contract, the intent of the parties is the writing itself." *Id.* "When the words of a contract are clear and unambiguous, the intent of the parties must be ascertained from the language employed in the contract, which shall be given its commonly accepted and plain meaning." *TruServ Corp. v. Morgan's Tool v. Supply Co., Inc.*, 39 A.3d 253, 260 (Pa. 2012). "A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004).

"The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct." *McMullen v. Katz*, 985 A.2d 769, 775 (Pa. 2009). "This so-called 'American Rule' holds true unless there is express statutory authorization, a clear agreement between the parties, or some other established exception." *Id.*

## III.   DISCUSSION

The Lease provides that:

The losing Party in any action brought to compel performance of, or to recover for breach of any covenant or condition herein contained, or for declaratory relief, shall pay to the prevailing Party's [sic] reasonable fees, costs and expenses incurred prior to bringing such suit and its reasonable attorney and professional fees in addition to the amount of judgment and all other fees and all charges, costs and expenses incurred in such action.

(Doc. 14-1 §27(k)). The Lease does not define "prevailing Party."

### A. Arguments

Defendant asserts that it was the prevailing party because the court granted its motion to dismiss, and so "[p]ursuant to the clear and unambiguous language of the Lease, [Plaintiff] has agreed to pay [Defendant] the amounts incurred in connection with the failed action [Plaintiff] brought … to obtain declaratory relief." (Doc. 78 at 5).

It relies on *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) for the proposition that "'[p]revailing parties' are those that 'succeed on any significant issue in the litigation.'" (Doc. 78 at 4). *Hensley* addressed the question whether a party who succeeded on only some of its claims at trial could recover attorney's fees related to unsuccessful claims pursuant to 42 U.S.C. §1988, which allows district courts to award attorney's fees to "the prevailing party" in a civil rights action. 461 U.S. at 426. The Court cited the

above language as a "typical formulation" of the "prevailing party" requirement—a formulation it described as "generous." *Id.* at 433. It held that:

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. §1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 440.

Defendant also relies on *United States ex rel McKinney v. DHS Techs., LLC*, No. 3:11-cv-146, 2015 WL 11675668 (M.D. Pa. Oct. 27, 2015), *report and recommendation adopted*, 2016 WL 4592175 (M.D. Pa. 2016). *McKinney* involved a False Claims Act complaint. The FCA requires that complaints be served on the Government and initially filed in camera. 31 U.S.C. §3730(b)(2). "The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id.* If the government does elect to intervene and proceed with such an action, the FCA provides that "reasonable attorneys' fees and costs ... shall be awarded against the defendant" to the plaintiff's counsel. *Id.* §3730(d)(1); 2015 WL 11675668, at

*3. In *McKinney*, the government decided to intervene in one of the plaintiff's claims, so the plaintiff was "undeniabl[y]" entitled to recover "some attorneys' fees and costs." 2015 WL 11675668 at **2–3. This statutory framework renders *McKinney* wholly irrelevant to the issue whether Defendant was the "prevailing party" here.[1]

Plaintiff counters that Defendant was not the "prevailing party" in this action because the Amended Complaint was dismissed for lack of subject-matter jurisdiction. (Doc. 79 at 13). It posits that the Lease "contemplates the entry of a judgment" before awarding attorneys' fees, since §27(k) refers to fees "in addition to the amount of judgment." (Id. at 14; Doc. 14-1 §27(k)). Because the court here has not entered a judgment in Defendant's favor, Plaintiff argues, Defendant has not prevailed.

Plaintiff offers *Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 614 F. Supp. 141 (E.D. Pa. 1985) and *Hygienics Direct Co. v. Medline Indus., Inc.*, 33 Fed. App'x 621 (3d Cir. 2002) (non-precedential) in support of its position.

---

[1] Defendant cited *McKinney* to support the proposition that "Bluebeck was the prevailing party in this action by virtue of the Court granting Bluebeck's Motion to Dismiss." (Doc. 78 at 4). The court assumes this citation was made in error.

The plaintiff in *Sellers*, who was suspended without pay from her township position, appealed that suspension pursuant to her labor union's collective bargaining agreement and challenged the ensuing hearing as violative of her procedural due process rights. 614 F. Supp. at 142. She brought civil rights claims and pendent state law claims against the union and the township. *Id.* After the union agreed to a full evidentiary hearing before an impartial arbitrator, the court dismissed several of plaintiff's claims as moot. *Id.* at 142–43. As to her claim that she was entitled to a pre-suspension hearing, the court found that in the circumstances such a hearing was not warranted. *Id.* at 143. It further determined that the plaintiff's 42 U.S.C. §1985(3) claim was not actionable because she alleged a politically, not racially, motivated conspiracy. *Id.* Finally, the court declined to exercise supplemental jurisdiction over the remaining state-law claims.

The plaintiff's union moved for the award of attorney's fees under §1988. *Id.* As the claims that had been dismissed for lack of subject-matter jurisdiction, the court concluded that the defendant could not be the "prevailing party" (as required by §1988) because it had "not 'prevailed' over the plaintiff on any issue central to the merits of the litigation.'" *Id.* at 144.

The plaintiffs in *Hygienics* brought state law claims against the defendants, asserting that diversity jurisdiction existed. 33 Fed. App'x at 623.

- 7 -

During the litigation, the defendants filed a suggestion of lack of subject matter jurisdiction based on information that a partner of one plaintiff shared its state of incorporation with one of the defendants, thus destroying complete diversity. *Id.* at 623. Finding that the plaintiffs had failed to carry their burden of proving complete diversity, the district court dismissed the action for lack of subject matter jurisdiction. *Id.* at 624. Although they were given the opportunity to present additional jurisdictional evidence, the plaintiffs opted to continue the action in state court. *Id.*

The defendants moved to assess costs, fees, and expenses pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. §§1919, 1920, 1927, and "the court's inherent power." 33 Fed. App'x at 624. The district court denied their motion. On review, the Third Circuit rejected the defendants' argument that they were the "prevailing party" entitled to costs under Rule 54 and §1919:

> Medline's argument that it was the prevailing party is not persuasive. A "prevailing party" for awarding costs is defined as "one who has been awarded some relief by the court." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 536 (3d Cir. 2001) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). Further, if a court finds that it lacks subject matter jurisdiction, the court has not decided the case on the merits. *Ray v. Eyster (In re Orthopedic 'Bone Screw' Prods. Liab. Litig.)*, 132 F.3d 152, 155 (3d Cir. 1997). Thus, a defendant cannot be considered a "prevailing party" when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the

plaintiff on any issue that is fundamental to the action. *Sellers*, 614 F. Supp. at 144.

*Hygienics*, 33 Fed. App'x at 625.

After *Sellers* and *Hygienics* were decided, the Supreme Court (also in the federal statutory context) disavowed "the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016).

Defendant responds by noting that although the instant case is based on contract, the cases cited by Plaintiff involved attorneys' fees claims based on statute. (Doc. 80 at 2). But the only two cases cited on this score in Defendant's initial brief, *Hensley* and *McKinney*, also involved attorneys' fees claims based on federal statutes.

Defendant's reply continues by observing that the issue here is "not what Congress meant" by "prevailing party," but what the parties meant. (Id.). It asserts that the phrase should be assumed to have its plain meaning, not "to incorporate a body of law," and not to "invoke a legal term of art." (Id. (first citing *Mercavitch v. Borough of Wyoming*, No. 3:16-cv-32, 2017 WL 4273621, at *9 (M.D. Pa. Sept. 26, 2017) ("If left undefined, the words of a contract are to be given their ordinary meaning." (quoting *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004))), and then citing *Bobrick Washroom Equipment*,

*Inc. v. Scranton Prods., Inc.*, No. 3:14-cv-853, 2023 WL 5054671, at *5 (M.D. Pa. Aug. 8, 2023))).

Defendant further contends that because the fee shifting clause was drafted by Fortuna Energy, Inc., Plaintiff's predecessor in the Lease, it should be construed against Plaintiff.

Finally, Defendant suggests that precedent involving statutory fee awards should not be considered, because fee award statutes serve different purposes than do private contractual provisions. It urges that the approach employed in *PPG Indus., Inc. v. Zurawin*, 52 Fed. App'x 570, 580 (3d Cir. 2002) (non-precedential) control instead.

The parties in *PPG Industries, Inc. v. Zurawin* executed a contract which contained a similar "prevailing party" attorneys' fees provision. 2001 U.S. Dist. LEXIS 2469 at *2 (W.D. Pa. Feb. 28, 2001). Of the plaintiff's fourteen claims relating to that contract, the defendant had avoided liability on ten and the plaintiff had succeeded on four. Similarly, though the plaintiff had won more than $400,000, the defendant had avoided more than $3.5 million in damages. *Id.* at *23. The district court concluded that, based on this outcome, the defendant was the "prevailing party." *Id.*

The Third Circuit agreed with the district court that "the proper standard for determining which litigant is a 'prevailing party' under a contractual

provision regarding attorneys' fees should compare the relief sought by each

litigant to the relief each litigant actually received." 52 Fed. App'x 570, 580.

It applied this approach to the parties there as follows:

> As the District Court observed, Zurawin recovered a small portion
> of the total damages he sought for breach of the December
> Agreement and its purported oral modifications. By contrast,
> PPG's main goal in this litigation was to obtain a declaration that
> it was not liable on any potential claims by Zurawin arising out of
> the December Agreement, and PPG substantially achieved the
> result it desired by obtaining a judgment that PPG was not liable
> for the majority of the relief Zurawin sought. PPG thus obtained
> a significantly greater portion of the relief it sought than did
> Zurawin. Hence, the District Court did not err in finding that PPG
> was the 'prevailing party' under the attorneys' fee provision of the
> December Agreement.

52 Fed App'x at 580. Defendant here asserts that Plaintiff "sought a

declaration that there were no events of default under the Lease, and sought

an award of attorneys' fees. It failed to obtain that relief. [Defendant] sought

dismissal of the complaint. It obtained the relief that it sought." (Doc. 80 at

4). It further offers this observation by the district court in *Zurawin*:

> "Relief" implies a change for the better that results from the
> litigation process. A defendant's avoidance of liability does not
> seem to fit comfortably within the definition of "relief"; it may
> mean no change at all, but simply a preservation of the status
> quo. We believe avoidance of the liability nonetheless must be
> considered in determining the prevailing party. When a party
> faces the risk of losing something valuable through the legal
> process, and escapes that risk, such an outcome is positive, and
> therefore should be considered a success. For example, a
> defendant which has no counterclaims but successfully defends

nine out of ten of the plaintiff's claims generally should be considered as prevailing.

2001 U.S. Dist. LEXIS 2469 at **12–13.

### B. Plain meaning of "prevailing Party"

Again, to ascertain the parties' intent, the court considers the language of the contract, giving terms their "commonly accepted and plain meaning." *TruServ Corp. Inc.*, 39 A.3d at 260. And because the Lease is governed by Pennsylvania law, the court reviews Pennsylvania precedent interpreting the plain meaning of "prevailing party." The court finds Defendant's position that the Lease should be construed against Plaintiff unavailing. While it is true that "[a]ny ambiguities" in a contract "shall be construed against the contract drafter," *Wert v. Manorcare of Carlisle PA, LLC*, 124 A.3d 1248, 1260 (Pa. 2015), Defendant does not contend that the fee-shifting provision *is* ambiguous. (See Doc. 80 at 2 ("[I]t should be assumed that the parties intended the phrase ['prevailing party'] to have its plain language meaning.")). So there is no occasion to resort to this rule of construction.

A similar contractual provision was at issue in *Profit Wize Marketing v. Wiest*, 812 A.2d 1270 (Pa. Super. Ct. 2002), which is cited by Plaintiff. (Doc. 9 at 13). The parties there, an employer and employee, agreed that "if Employer prevails in any suit or action under this Agreement, Employee shall reimburse Employer for its expenses incurred in connection with such suit or

action, including without limitation, its attorney's fees and costs." *Id.* at. 1272. When the employee resigned and joined a competitor, the employer sought a preliminary injunction to enforce their agreement's restrictive covenants. *Id.* Before the motion was decided, however, the parties stipulated to the entry of a permanent injunction, agreeing that the employee would not communicate with certain customers for a year. *Id.* The employer reserved the right to claim attorneys' fees, and the trial court granted a partial amount, but the Superior Court reversed. *Id.* at 1273, 1277.

Because the parties in *Profit Wize* had not defined "prevails," the Superior Court considered dictionary definitions. *Id.* at 1275 (first citing *prevail*, Merriam Webster's Collegiate Dictionary, 7th ed. At 924 ("to gain ascendancy through strength or superiority: TRIUMPH"), and then citing *prevail*, Black's Law Dictionary, 7th ed. at 1206 ("to obtain the relief sought in an action; to win a lawsuit")). The court reasoned that the employer had not prevailed, because "the lower court never reached the merits of the case or vindicated [its] position." *Id.* The settlement agreement, it explained, was "a compromise," in which "[n]either party … emerge[d] as the clear-cut winner." *Id.* at 1275. The court further noted that:

> [T]he noun, "prevailing party," is commonly defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." [citing Black's Law Dictionary]. While this definition encompasses those situations where a party receives

less relief than was sought or even nominal relief, its application is still limited to those circumstances where the fact finder declares a winner and the court enters judgment in that party's favor.

*Id.* at 1275–76.

The Superior Court also declined to consider interpretations of "prevailing party" as used in federal statutes, because such interpretations are made in view of different considerations. *Id.* at 1276; *see also Zurawin*, 2001 U.S. Dist. LEXIS 2469 at \*\*6–8; *Shadis v. Beal*, 685 F.2d 824, 829 (3d Cir. 1982) (explaining that the Fee Awards Act "must be liberally construed" to "promote the enforcement of the Federal Civil Rights Act"). For the same reason, this court resists applying such interpretations here, though the parties understandably (given the dearth of precedent involving contracts) discussed them.  At any rate, applying those interpretations would not yield a clear answer to the instant question.

Defendant has not cited a different meaning given to the term "prevailing party" by Pennsylvania courts, and this court has not located one. So, as a "prevailing party" is one in whose favor a judgment is entered, *Profit Wize*, 812 A.2d at 1275, the court observes that a "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case." *Judgement*, Black's Law Dictionary, 11th ed.; *Borough of West Conshohocken v. Soppick*, 164 A.3d 555, 559–60 (Pa. Commw. Ct. 2017).

The court here dismissed Plaintiff's complaint without prejudice. (Doc. 76). This was not a final determination of the rights and obligations of the parties; rather, it left the parties' rights and obligations unchanged. Plaintiff remained free to refile the action once the jurisdictional bar receded. It thus cannot be said that this disposition rendered Defendant a prevailing party. Indeed, the parties' dispute has continued, since Defendant has filed an action against Plaintiff centered on the same allegedly unpaid royalties. (Case No. 3:23-cv-2095, M.D. Pa.). So Defendant's motion for attorneys' fees is premature.

The court is not persuaded that *Zurawin*, which is not precedential and was decided before *Profit Wize*,[2] compels a different conclusion. *Zurawin* considered a matter that had been decided on the merits, and in which the defendant had "substantially achieved the result it desired by obtaining a judgment that [it] was not liable for the majority of the relief [the plaintiff]

---

[2] To be sure, neither is *Profit Wize*, a Pennsylvania Superior Court decision, binding precedent. *See State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009) (explaining that, in interpreting Pennsylvania law, "we treat Pennsylvania Supreme Court opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent").

sought." 52 Fed App'x at 580. Here, by contrast, Defendant obtained no judgment.

In addition, as Plaintiff points out, (Doc. 79 at 14), the Lease provides for attorneys' fees "in addition to the amount of judgment." (Doc. 14-1 §27(k)). This language further suggests that the Lease considers a prevailing party to be one which has won a judgment.

### C. Conclusion – Prevailing Party

Considering the ordinary meaning of the term "prevailing party," whose "application is … limited to those circumstances where the fact finder declares a winner and the court enters a judgment in that party's favor," *Profit Wize*, 812 A.2d at 1275–76, the court concludes that because Defendant has not received a judgment in its favor, it is not a prevailing party. It is therefore not entitled to an award of attorneys' fees under the Lease.

### D. Defendant's alternative argument

Defendant alternatively contends that it should be entitled to attorneys' fees because the action was unreasonable, citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).[3] (Doc. 80 at 6). First, this case involves

---

[3] As Defendant acknowledges, *Christiansburg* dealt with section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(k), which allows a district court, "in its discretion," to award attorneys' fees to "the prevailing party." 434 U.S. at 421–22.

a contractual provision, not, as in *Christiansburg*, a civil rights action. In any event, that a civil rights action was "unreasonable, frivolous, or without foundation" is not an independent basis for awarding attorneys' fees; it is a requirement additional to prevailing. *See CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422–23 (2016) ("When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" (quoting *Christianburg*, 424 U.S. at 422)). And the court does not find that Plaintiff was unreasonable in seeking declarations regarding the Lease's scope and the existence of default after Defendant had continually asserted that Plaintiff was in default on royalty payments without specifying what it believed owed. (Doc. 14-3; Doc. 14-5; Doc. 14-8).

## IV.   CONCLUSION

For the foregoing reasons, the court concludes that Defendant is not entitled to an award of attorneys' fees, costs, and expenses. Its motion will therefore be denied. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 8, 2024**
22-91-02